IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| FAEC HOLDINGS 382123 LLC, | § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 4:23-CV-00611-ALM-AGD |
| v. | § § | |
| STEVE A FLORES, ET AL. | § § | |
| Defendants. | § § § | |

**REPORT AND RECOMMENDATION**
<u>**OF UNITED STATES MAGISTRATE JUDGE**</u>

Pending before the court is Plaintiff FAEC Holdings 382123 LLC's Motion to Remand and Memorandum in Support Thereof (Dkt. #10). *Pro se* Defendant Steve A Flores filed a Response (Dkt. #11). For the reasons below, the court recommends the Motion to Remand (Dkt. #10) be **GRANTED**.

**BACKGROUND**

On April 13, 2023, Plaintiff filed a Sworn Complaint for Eviction in the Justice of the Peace Court, Precinct 3 in Collin County, Texas (Dkt. #10 at p. 1). On May 2, 2023, Defendant then removed the case to the Eastern District of Texas, Sherman Division in Civil Action No. 4:23-cv-391-SDJ-KPJ, *FAEC Holdings 382123 LLC v. Steve Arron Investment, LLC, et al.* ("Original Suit"). Pursuant to the removal, the state court stayed the eviction and then dismissed the state case, which Plaintiff appealed to Collin County Court at Law 4 (Dkt. #10 at pp. 1–2). On July 11, 2023, the Magistrate Judge entered a Report and Recommendation in the Original Suit. The Report recommended that the case be remanded because Plaintiff did not plead a federal question, and as such, the court lacked subject-matter jurisdiction. *See* Civil Action No. 4:23-cv-391-SDJ-KPJ, *FAEC Holdings 382123 LLC v. Steve Arron Investment, LLC, et al.* (Dkt. #12). On August 3, 2023,

the District Court adopted the recommendation of the Magistrate Judge. *See* Civil Action No. 4:23-cv-391-SDJ-KPJ, *FAEC Holdings 382123 LLC v. Steve Arron Investment, LLC, et al.* (Dkt. #14).

In the instant action, on June 29, 2023, Defendant[1] filed a Notice of Removal of the Collin County Court at Law 4 appeal, alleging that there is federal question jurisdiction pursuant to 15 U.S.C. § 1692(a), 28 U.S.C. § 1446(d), and the Fourteenth Amendment of the U.S. Constitution (Dkt. #1). On July 25, 2023, the court ordered Defendant to file an amended notice of removal because the notice was deficient in several respects, and because Defendant inadequately plead subject matter jurisdiction (Dkt. #7). On August 25, 2023, Defendant filed an Amended Notice of Removal (Dkt. #8). On September 28, 2023, Plaintiff filed the Motion to Remand (Dkt. #10). Therein, Plaintiff argues the court lacks subject-matter jurisdiction and that removal was improper because Plaintiff's cause of action is based on forcible detainer, and "any debt resulting from a forcible detainer must be brought separately due to the limits of the original justice court's limits on damages." (Dkt. #10 at pp. 3–4). Plaintiff also asserts that the face of the Notice of Removal reveals that Defendant improperly intends to access the federal courts by raising a federal question as a defense or counterclaim (Dkt. #10 at p. 4). On October 4, 2023, Defendant filed a Response, arguing that Plaintiff "has filed an APPEAL in the lower court, County Court at Law 4, Collin County, TX . . . placing the original COMPLAINT FOR EVICTION in this case at the Justice of [t]he Peace, Precinct 3, Collin County, TX . . . on hold until the outcome of the hearing on the Appeal on October 5th, 2023[.]" (Dkt. #11 at p. 1) (emphases in original). Defendant argues that

---

[1] It is unclear whether Defendant Flores is seeking to represent the interests of Steven Arron Investment, LLC and "all occupants" in these proceedings. To the extent he is, the court notes that "'a corporation can appear in a court of record only by an attorney at law.'" *Paradise Vill. Children's Home Inc. v. Liggins*, 78 F. App'x 930, 931–32 (5th Cir. 2003) (per curiam) (citation omitted). In any event, because the court finds there is no subject-matter jurisdiction, the court does not reach the issue.

REPORT AND RECOMMENDATION – Page 2

Plaintiff "is challenging the authority of this court. . . to take precedence over the lower court's ability to proceed with the eviction case in order to enter a judgment of eviction against Defendant even though the case has been removed into this court." (Dkt. #11 at 1).

## LEGAL STANDARD

The federal removal statute allows a defendant to remove "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "Once a case has been removed, the removing party bears the burden of proving that the court has jurisdiction to hear the claim." *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) (citing *Dodson v. Spiliada Mar. Corp.*, 951 F.2d 40, 42 (5th Cir. 1992)); *see also Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 611 (5th Cir. 2018) ("A removing defendant bears the burden of pointing to the evidence demonstrating that removal is proper.") (citations omitted). "Because federal courts have only limited jurisdiction, the removal statute is strictly construed, and any doubts or ambiguities are resolved against removal and in favor of remand." *B&P Rest. Grp., LLC v. Eagan Ins. Agency, LLC*, 538 F. Supp. 3d 632, 637 (E.D. La. 2021) (citing *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014)); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

"Because plaintiffs are masters of their complaints, any 'determination that a cause of action presents a federal question depends upon the allegations of the plaintiff's well-pleaded complaint.'" *Mega Vape, LLC v. City of San Antonio*, 455 F. Supp. 3d 299, 306 (W.D. Tex. 2020) (quoting *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 680 (5th Cir. 2001)). "A federal question exists if there appears on the face of the complaint some substantial, disputed questions of federal law." *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (per curiam) (internal quotation marks and citations omitted). A defense which raises a federal question or that is based on federal law is

insufficient to establish subject matter jurisdiction. *See Vaden v. Discovery Bank*, 556 U.S. 49, 60 (2009) ("[A] suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]'. . . Federal jurisdiction cannot be predicated on an actual or anticipated defense . . . Nor can federal jurisdiction rest upon an actual or anticipated counterclaim."); *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988).

## ANALYSIS

In its Complaint, Plaintiff does not allege any claims created by federal law, nor does Plaintiff's right to relief appear to necessarily raise a question of federal law (Dkt. #10). *See Bernhard v. Whitney Nat. Bank*, 523 F.3d 546, 551 (5th Cir. 2008) ("Under th[e] 'well-pleaded complaint' rule, a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint."). The Fifth Circuit has held that forcible detainer, i.e. eviction, arises solely under state law and provides no basis for federal question jurisdiction. *Stump v. Potts*, 322 F. App'x 379, 380 (5th Cir. 2009) (per curiam). Accordingly, courts in the Eastern District of Texas have explained that forcible detainer is a traditional state law claim that cannot be the basis for federal question jurisdiction. *See Fed. Nat'l Mortg. Ass'n v. Morse*, No. 4:16-CV-396, 2016 WL 6871143, at *4 (E.D. Tex. Nov. 22, 2016) (collecting cases); *Nahlawi v. Burton-Dabney*, No. 4:14-CV-609, 2015 WL 139764, at *2 (E.D. Tex. Jan. 9, 2015) ("Plaintiff merely filed a forcible detainer action and asserted no federal claims. Nothing about the state law forcible detainer action appears to raise issues of federal law; therefore, there was no federal subject matter jurisdiction upon which to base removal, and remand is appropriate."); *Fed. Nat. Mortg. Ass'n v. Elliott*, No. 3:10-CV-1321-L, 2010 WL 4627833, at *3 (N.D. Tex. Nov. 16, 2010) ("The proper court for a forcible detainer action under Texas law is '[a] justice court in the precinct in which the real property is located[.]'" (quoting TEX. PROP.

CODE § 24.004). Thus, Plaintiff's Complaint does not provide a basis for federal question jurisdiction.

Furthermore, "[f]ederal jurisdiction cannot be predicated on an actual or anticipated defense . . . [n]or can federal jurisdiction rest upon an actual or anticipated counterclaim." *Vaden*, 556 U.S. at 60. An action arises under federal law "only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]." *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908); *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 10, n.9 (1983). Here, even if Defendant had sufficiently pleaded a counterclaim under federal law, "such a counterclaim would not change the nature of Plaintiff's claim and cannot be considered in determining the existence of removal jurisdiction." *SPS Owner, LLC v. Ward*, No. 423CV00067-SDJ-CAN, 2023 WL 4035075, at *3 (E.D. Tex. May 10, 2023), *Report and Recommendation adopted*, 2023 WL 4033336 (E.D. Tex. June 15, 2023) (citing *Stump*, 322 F. App'x at 380) (emphasis omitted); *Progress Residential v. Crump*, No. 4:18-CV-0467-ALM-CAN, 2018 WL 4572710, at *3 (E.D. Tex. Aug. 28, 2018), *Report and Recommendation adopted*, 2018 WL 4566683 (E.D. Tex. Sept. 24, 2018) ("[The defendant] cannot circumvent the jurisdiction of the state courts by a threadbare recital in her Notice of Removal that her civil rights were violated.") (citation omitted). Therefore, because Plaintiff's Complaint does not raise a federal question, the court lacks subject-matter jurisdiction.[2] Accordingly, the court recommends granting the Motion to Remand (Dkt. #10).

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the court recommends Plaintiff's Motion to Remand (Dkt. #10), be **GRANTED** and that the instant lawsuit be **REMANDED** to Court at Law 4 in Collin County,

---

[2] Defendant does not assert that the court has subject-matter jurisdiction pursuant to diversity of citizenship.

REPORT AND RECOMMENDATION – Page 5

Texas. The court further recommends that Defendant's Motion for Leave to Proceed *In Forma Pauperis* (Dkt. #3) be **DENIED** as moot in light of the recommendation to remand.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 26th day of August, 2024.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE